# Exhibit A

2022 WL 17718689
Only the Westlaw citation is currently available.
District Court, S.D. New York.

Lawrence CZARNIONKA, individually and on behalf of all others similarly situated, Plaintiff,
v.
The EPOCH TIMES ASSOCIATION, INC., Defendants.

22 Civ. 6348 (AKH)
|
Signed December 15, 2022

**Attorneys and Law Firms**

Courtney Elizabeth Ross, Edwin Lee Lowther, III, Joseph Henry (Hank) Bates, III, Carney Bates & Pulliam, PLLC, Little Rock, AR, Douglas Ian Cuthbertson, Lieff Cabraser Heimann & Bernstein LLP, New York, NY, Ian R. Bensberg, Michael W. Sobol, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, for Plaintiff.

Brian Pete, Lewis Brisbois Bisgaard & Smith LLP, New York, NY, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY

ALVIN K. HELLERSTEIN, United States District Judge:

*1 On November 17, 2022, the Court denied The Epoch Times Association, Inc.'s ("Epoch Times" or "Defendant") motion to dismiss the Complaint for failure to state a claim under the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). (ECF No. 25 ("Order")). Epoch Times now moves the Court to certify for interlocutory appeal the portion of the Order pertaining to the disclosure of personally identifiable information ("PII").

Under 28 U.S.C. § 1292(b), an order is appropriate for interlocutory appeal when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." "Even where the three legislative criteria of section 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). " '[I]nterlocutory appeals are strongly disfavored in federal practice,' and movants cannot invoke the appellate process 'as a vehicle to provide early review [even] of difficult rulings in hard cases.' " *Id.* (quoting *In re Adelphia Commc'ns Corp.*, Nos. 02-41729 (REG), 07 Civ. 9999 (NRB), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008)).

In evaluating a § 1292(b) motion, "a question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). Here, Epoch Times seeks interlocutory appeal of one question of law: Whether a Court, in deciding if PII has been disclosed under the VPPA, is to make that determination by reference to the "ordinary person" or to the specific "recipient" of the disclosed information. Epoch Times contends that, had the Court determined that the "ordinary person" standard applies, the Court would have found that Plaintiff failed to adequately pleaded disclosure of PII.

I disagree. Even if this Court were to explicitly adopt the "ordinary person" standard, I still would have held that the Complaint sufficiently alleged the disclosure of PII under the VPPA. The Facebook ID disclosed by Epoch Times is sufficient for an ordinary person to identify Plaintiff and similarly situated individuals by simply typing "facebook.com/[Facebook ID]" into a web browser. In this way, the Facebook ID is clearly distinguishable from information found not to qualify as PII by courts adopting the "ordinary person" standard, such as anonymized device serial numbers or IP addresses, which must be combined with other information to identify individuals and which "would likely be of little help" to "an average person." *See Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 267 (3d Cir. 2016); *Eichenberger v. ESPN Inc.*, 876 F.3d 979, 984 (9th Cir. 2017). As explained in my Order, the Facebook ID, unlike anonymized device serial numbers, "itself represents a particular individual." Order, at 5. The Facebook ID thus "readily permit[s] an ordinary person to identify a specific individual's video-watching behavior." *Eichenberger*, 876 F.3d at 985 (quoting *Nickelodeon*, 827 F.3d at 267).

*2 For the reasons explained above, Defendant's motion is denied. The Clerk of Court is directed to terminate the open motion (ECF No. 27).

SO ORDERED.

**All Citations**

Slip Copy, 2022 WL 17718689

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.